UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Civil Action No.:
SHAWN PYATETSKY,

                Plaintiff,   **COMPLAINT**

   v.

                                 **Jury Trial Demanded**

MERIT CAPITAL ADVISORS, LLC,

                Defendant.
------------------------------------------------------------------------X

Plaintiff Shawn Pyatetsky ("Plaintiff"), by way of Complaint against Defendant Merit Capital Advisors, LLC hereby alleges as follows:

### NATURE OF THE CASE

1. Plaintiff brings this action against his former employer for violations of the New York Labor Law ("NYLL"), breach of contract, breach of the implied covenant of good faith and fair dealing and under the doctrine of promissory estoppel. Plaintiff was hired by Defendant as an Investment Banking Senior Analyst. In order to induce Plaintiff to accept a position with Defendant, the company offered Plaintiff two "Signing Incentive Payments" in the total amount of $25,000. However, immediately before the first incentive payment was due, Defendant's Member and Managing Director, Edmund V. Ludwig, Jr., unlawfully terminated Plaintiff's employment in an effort to prevent him from receiving the benefits of the parties' agreement causing Plaintiff to suffer substantial harm.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the alleged unlawful employment practices, occurred in this district.

## PARTIES

4. Plaintiff Shawn Pyatetsky is a former employee of the Defendant and a resident of the State of New Jersey.

5. Defendant Merit Capital Advisors, LLC is a financial advisory firm with its principal place of business located at 405 Lexington Avenue, 26th Floor, New York, NY 10174.

6. Edmund V. Ludwig, Jr. is the sole member of Merit Capital Advisors, LLC and is a resident of the State of New York.

7. Defendant Merit Capital Advisors, LLC is a domestic limited liability company incorporated in the State of New York.

## FACTUAL ALLEGATIONS

8. On or about March 21, 2024, Plaintiff received a written offer of employment ("Offer Letter") from Defendant's Member and Managing Director, Edmund V. Ludwig, Jr. ("Ludwig"). The Offer Letter was accepted by Plaintiff, constituting a binding agreement between the parties.

9. By accepting the promise of employment with Defendant, Plaintiff abandoned two other potential job prospects as an Investment Banking Analyst which offered positions in the salary range of approximately $100,000 to $110,000 with additional incentives and benefits.

10. Plaintiff began his employment with Defendant as an Investment Banking Senior Analyst on March 25, 2024 under the supervision of Ludwig.

11. Pursuant to the terms of the Offer Letter, Plaintiff would be paid a base salary of $110,000, guaranteed "Signing Incentive Payments," "Discretionary Incentive Payments," as well as two weeks of vacation pay and additional benefits.

12. The "Signing Incentive Payments" clause reads as follows:

> **"In recognition of your contribution to Merit, the Company will make a one-time payment in the amount of $10,000 payable for the regular pay period ending June 30, 2023 and an additional one-time payment in the amount of $15,000 payable for the regular pay period ending September 30, 2024."**

13. The Signing Incentive Payments were not discretionary and did not require Plaintiff to be a current employee at the time of the payment.

14. Nevertheless, in an effort to prevent Plaintiff from receiving the incentive payments, Ludwig terminated Plaintiff on June 26, 2024 – days before Plaintiff's first incentive payment was due.

15. Ludwig abruptly terminated Plaintiff's employment without any legitimate business reason. Plaintiff was an exemplary employee and was even previously complimented by Ludwig for, among other things, modernizing and otherwise amending Merit's "Pitchbook" for potential clients, Purchase and Sale Agreement ("PSA") comparisons for ongoing and comparable transactions, research on the Texas Energy Fund ("TEF") and generally working long hours for the company.

16. At the time of his termination, Ludwig simply told Plaintiff, "Our communication is off, I think today is your last day" and instructed Plaintiff to "hand in [his] laptop, key, ID, and leave."

17. Immediately following Plaintiff's termination, Ludwig admitted to another associate that he terminated Plaintiff because he did not want to pay him but that if anyone inquired about the basis for Plaintiff's termination, he would say it was because of a "downturn in the company."

18. Following his termination, Defendant failed to pay Plaintiff the guaranteed Incentive Payments or two weeks of vacation pursuant to the terms of the Offer Letter.

19. Defendant failed to pay Plaintiff the sign-on bonuses and vacation pay in breach of the Offer Letter and in violation of the NYLL.

20. Defendant acted in bad faith with the purpose of depriving Plaintiff of the rights and benefits under the parties' agreement.

21. Defendant breached the implied covenant of good faith and fair dealing by failing to pay Plaintiff his rightful bonuses and terminating his employment.

22. Defendant acted in bad faith or with improper motive by denying Plaintiff bonuses based on reasons unrelated to performance.

23. Defendant reneged on a promise of bonuses, causing Plaintiff to suffer substantial financial harm.

24. As a result of Defendant's unlawful termination, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, severance pay, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

25. As a result of Plaintiff's discharge and the unpaid bonuses, Plaintiff was also forced to move out of his residence in New York City, causing Plaintiff to suffer financial harm, including but not limited to, the loss of his rental deposit.

26. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive and liquidated damages as against the Defendant.

## AS A FIRST CAUSE OF ACTION
## UNDER NY LAW
## BREACH OF CONTRACT

27. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

28. The Offer Letter is a binding contract between Plaintiff and Defendant.

29. Defendant breached the express terms of the Offer Letter by failing to make the necessary payments thereunder, constituting a material breach.

30. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of damages, to the greatest extent permitted under law, in addition to reasonable attorneys' fees and expenses.

## AS A SECOND CAUSE OF ACTION
## UNDER NY LAW
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

31. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

32. The Offer Letter is a binding contract between Plaintiff and Defendant.

33. Defendant deliberately terminated Plaintiff to prevent him from receiving the benefits of the parties' agreement.

34. Defendant acted in bad faith or with improper motive to destroy or injure the right of Plaintiff to receive the benefits or reasonable expectations of the parties' contract.

35. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of damages, to the greatest extent permitted under law, in addition to reasonable attorneys' fees and expenses.

### AS A THIRD CAUSE OF ACTION
### UNDER NYLL, Article 6, §§ 190 *et. seq*.
### FAILURE TO PAY WAGES

36. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

37. Defendant is an employer within the meaning of the NYLL and is subject to all the duties and obligations set forth therein.

38. Plaintiff is an employee within the meaning of the NYLL.

39. Defendant failed to pay Plaintiff wages in the form of bonuses and vacation pay in accordance with their agreed terms of employment in violation of NYLL §193.

40. The foregoing conduct of Defendant constitutes willful violations of the NYLL.

41. Defendant violated all other applicable sections of NYLL, Article 6, §§ 190 *et. seq*.

42. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of damages, including liquidated damages, to the greatest extent permitted under law, in addition to reasonable attorneys' fees and expenses.

## AS A FOURTH CAUSE OF ACTION
## UNDER NY LAW
## **PROMISSORY ESTOPPEL**

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

44. Defendant made a clear and definite promise that Plaintiff would be paid bonuses as part of his offer of employment with the expectation that Plaintiff would rely on that promise. Plaintiff reasonably relied on Defendant's broken promise and suffered definite and substantial detriment, including but not limited to, abandoning other job prospects.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaratory judgment that Defendant is liable for breach of contract, breach of the implied covenant of good faith and fair dealing, failure to pay wages under the NYLL and is liable under the doctrine of promissory estoppel;

B. Awarding Plaintiff unpaid bonuses and unpaid vacation;

C. Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendant's unlawful discharge and to otherwise make Plaintiff whole for any losses suffered as a result of Defendant's unlawful employment practices;

D. Awarding damages for Defendant's breach of contract, including compensatory damages and consequential damages;

E. Awarding Plaintiff compensatory damages for injury to his reputation;

F.  Awarding Plaintiff liquidated damages under the NYLL in an amount to be determined at trial;

G.  Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of this action;

H.  Awarding prejudgment interest on all amounts due;

I.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 28, 2024

**SHNAYDER LAW LLC**
*Attorneys for Plaintiff*

By: _/s/ Erica L. Shnayder_____
Erica L. Shnayder, Esq.
89 Headquarters Plaza, Suite 1421
Morristown, NJ 07960
(973) 714-1515
erica@eshnayderlaw.com